**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TJANDRA NJATA, | No. 12-71618 |
| Petitioner, | Agency No. A097-349-833 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Tjandra Njata, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Even if Njata were credible, the record does not compel the conclusion that his experiences of discrimination and one random beating rose to the level of past persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). Substantial evidence also supports the BIA's determination that, even under a disfavored group analysis, Njata failed to establish sufficient individualized risk of harm to demonstrate a well-founded fear of future persecution. *See Halim*, 590 F.3d at 979 (insufficient individualized risk where petitioner "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"). Accordingly, his asylum claim fails.

Because Njata failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

12-71618

Finally, Njata does not raise any arguments regarding the denial of CAT

relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues

not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED**.